UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

RICKY R. RATLIFF,

    Plaintiff,

v.

                      Case No.:

WYCLIFFE ASSOCIATES, INC.,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, RICKY R. RATLIFF, by and through undersigned counsel, brings this action against Defendant, WYCLIFFE ASSOCIATES, INC., and in support of his claims states as follows:

## JURISDICTION AND VENUE

1. This is an action for damages for violations of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 2000e et seq.

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 42 U.S.C. § 2000e et seq.

3. Venue is proper in the Middle District of Florida, because all of the events giving rise to these claims occurred in Orange County, Florida.

## PARTIES

4. Plaintiff is a resident of Baltimore, Maryland, but worked for Defendant in Orange County, Florida, at all times relevant hereto.

5. Defendant operates a Bible translation company in Orlando, in Orange County, Florida.

## GENERAL ALLEGATIONS

6. Plaintiff has satisfied all conditions precedent, or they have been waived.

7. Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

8. Plaintiff requests a jury trial for all issues so triable.

9. At all times material hereto, Plaintiff was an employee of Defendant within the meaning of Title VII.

10. At all times material hereto, Defendant employed fifteen (15) or more employees. Thus, Defendant is an "employer" within the meaning of Title VII.

## FACTS

11. Plaintiff was employed by Defendant from on or about February 24, 2002 to April 13, 2020 as a Software Developer II.

12. Plaintiff is a homosexual male.

13. In Bostock v. Clayton County Georgia, the Supreme Court of the United States held that discriminating against an individual because they are homosexual is a form of sex discrimination under Title VII. 140 S. Ct. 1731, 1737 (2020).

14. Thus, Plaintiff is a member of a protected class, and on account of his protected status, Plaintiff benefits from the protections of Title VII.

15. As a Software Developer II, Plaintiff's job duties were as follows:

- In collaboration with the Director of Application Development, proactively develop software solutions to advance Bible Translation.
- Work with internal and external customers/users to identify, understand, and document their needs.
- Work with team members and vendors to design, develop, document and implement custom solutions.
- Computer programming, including but not limited to JavaScript, jQuery, C#, PHP, Python, REST APIs, and a variety of other environments and technologies as needed.
- Leverage experience and develop relationships to assist and mentor team members.
- Contribute creativity and energy to the task of accelerating Bible Translation.

(See attached, Exhibit A, Defendant's Position Statement to EEOC, Ex. 3).

16. Plaintiff performed the job for which he was hired in a satisfactory manner.

17. On or about April 2, 2020, Plaintiff married his now husband.

18. On or about April 6, 2020, Plaintiff sent an email to Defendant's Human Resources Director, Terri Mwangi, informing Ms. Mwangi that he recently married and would like to update his health insurance.

19. Ms. Mwangi asked Plaintiff for supporting documentation regarding his request to update his health insurance. In response, Plaintiff submitted his marriage certificate with the name of his male spouse.

20. Thereafter, on April 13, 2020, Plaintiff was terminated by Defendant.

21. Defendant admitted that one of the reasons for Plaintiff's termination was "in light of his sexual orientation." (See attached, Exhibit A, Defendant's Position Statement to EEOC, page 4).

22. Thus, Plaintiff was subjected to disparate treatment on the basis of his sex.

## COUNT I – TITLE VII VIOLATION
### (SEX DISCRIMINATION)

23. Plaintiff realleges and readopts the allegations of paragraphs 1 through 22 of this Complaint, as though fully set forth herein.

24. Plaintiff is a member of a protected class under Title VII.

25. Plaintiff was subjected to disparate treatment on the basis of his sex, including when Defendant terminated Plaintiff because of his sexual orientation.

26. Defendant knew or should have known of the disparate treatment suffered by Plaintiff, and failed to intervene or to take prompt and effective remedial action in response.

27. Defendant's actions were willful and done with malice.

28. Plaintiff was injured due to Defendant's violations of Title VII, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

    a)    A jury trial on all issues so triable;

b) That process issue and that this Court take jurisdiction over the case;

c) An injunction restraining continued violation of Title VII by Defendant;

d) Compensation for lost wages, benefits, and other remuneration;

e) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

f) Any other compensatory damages, including emotional distress, allowable at law;

g) Punitive damages;

h) Prejudgment interest on all monetary recovery obtained;

i) All costs and attorney's fees incurred in prosecuting these claims; and

j) For such further relief as this Court deems just and equitable.

## **JURY TRIAL DEMAND**

Plaintiff demands trial by jury as to all issues so triable.

Dated this 8th day of July, 2022.

        Respectfully submitted,

        /s/ Christopher J. Saba

        **CHRISTOPHER J. SABA**
        Florida Bar No. 0092016
        Direct No.: 813-321-4086
        **LUIS A. CABASSA**
        Florida Bar No. 0053643
        Direct No.: 813-379-2565
        **WENZEL FENTON CABASSA P.A.**
        1110 N. Florida Avenue
        Suite 300
        Tampa, Florida 33602
        Main No.: 813-224-0431
        Facsimile No.: 813-229-8712
        Email: csaba@wfclaw.com
        Email: lcabassa@wfclaw.com
        Email: tsoriano@wfclaw.com
        **Attorneys for Plaintiff**