UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

RICKY R. RATLIFF,

    Plaintiff,

v.                                         No. 6:22-cv-01185-PGB-DAB

WYCLIFFE ASSOCIATES, INC.,

    Defendant.

## ANSWER

Defendant, WYCLIFFE ASSOCIATES, INC., answers the Complaint and Demand for Jury Trial of Plaintiff, RICKY R. RATLIFF (Doc. 1), in correspondingly numbered paragraphs, and alleges:

1. The allegations of this paragraph call for a legal conclusion to which no response is required.

2. The allegations of this paragraph call for a legal conclusion to which no response is required.

3. The allegations of this paragraph call for a legal conclusion to which no response is required.

4. Wycliffe admits that Ratliff worked for Wycliffe from February 24 to April 13, 2020. Wycliffe otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations.

5. Wycliffe admits that is a Christian ministry dedicated to the work of translating the Bible for all people groups in the world and that it operates as a religious nonprofit

corporation in Orlando, Orange County, Florida, and a tax-exempt church under sections 501(c)(3), 509(a)(1), and 107(b)(1)(A)(i) of the IRC. Otherwise denied.

6. Denied.

7. Wycliffe lacks knowledge or information sufficient to form a belief about the truth of the allegations.

8. Wycliffe admits that Ratliff requests a jury trial but denies that the Complaint presents any triable issues.

9. Wycliffe admits that Ratliff was an employee of Wycliffe from February 24 to April 13, 2020. The allegations of this paragraph otherwise call for a legal conclusion to which no response is required.

10. Wycliffe admits that it employed fifteen or more employees from February 24 to April 13, 2020. The allegations of this paragraph otherwise call for a legal conclusion to which no response is required.

11. Wycliffe admits that it employed Ratliff as a Software Developer II from February 24 to April 13, 2020. Otherwise denied.

12. Wycliffe lacks knowledge or information sufficient to form a belief about the truth of the allegations.

13. The cited case speaks for itself. Otherwise denied.

14. The allegations of this paragraph call for a legal conclusion to which no response is required.

15. Wycliffe admits that Ratliff's job duties included the duties listed and that the referenced exhibit speaks for itself, but denies that the listed duties are exhaustive. Otherwise denied.

16. Denied.

17. Wycliffe denies that Ratliff can be married to another man according to Wycliffe's core, sincerely held religious beliefs. Wycliffe lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph including whether or to whom Ratliff is legally married.

18. Wycliffe denies that Ratliff can be married to another man according to Wycliffe's core, sincerely held religious beliefs. Otherwise admitted.

19. Wycliffe denies that Ratliff can be married to another man according to Wycliffe's core, sincerely held religious beliefs. Otherwise admitted.

20. Admitted.

21. Wycliffe admits that the referenced exhibit speaks for itself. Otherwise denied.

22. Denied.

23. Wycliffe realleges and incorporates by reference its responses to paragraphs 1 through 22 of the Complaint as if fully set forth herein.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

## DEFENSES

1. Ratliff's Complaint fails to state a claim upon which relief can be granted.

2. Ratliff's Complaint fails to state a claim upon which injunctive relief can be awarded.

3. Ratliff's Complaint fails to state a claim upon which damages, costs, or attorney's fees can be awarded.

4. Ratliff's Complaint fails to state a claim upon which punitive damages can be awarded.

5. Ratliff's claim for punitive damages is barred by the Due Process Clauses of the Fifth and Fourteenth Amendments of the United States Constitution and the Excessive Fines Clause of the Eighth Amendment.

6. Ratliff's claims are barred, in whole or in part, because he failed to mitigate his damages.

7. Ratliff's claims are barred by the Free Exercise Clause of the First Amendment of the United States Constitution.

8. Ratliff's claims are barred by Wycliffe's immunity from suit under the church autonomy doctrine.

9. Ratliff's claims are barred by Wycliffe's immunity from suit under the ministerial exception.

10. Ratliff's claims are barred by the Religious Freedom Restoration Act, 42 U.S.C. §§ 2000bb to 2000bb-4.

11. Ratliff's claims are barred by 42 U.S.C. § 2000e-1(a), which allows religious organizations to employ only individuals who share their religious convictions.

12. Ratliff's claims are barred because Wycliffe had legitimate, non-discriminatory, and non-retaliatory reasons for its employment decisions that Ratliff cannot show were a pretext for unlawful discrimination based upon any protected category or class of which the Ratliff was a member.

13. Ratliff's claims are barred for failure to exhaust administrative remedies and failure to satisfy conditions precedent to suit prior to commencing this action under Title VII.

14. Ratliff's claims are barred because Wycliffe's actions or inactions were not the proximate or actual cause of any injury alleged by Ratliff in his Complaint. Any injury suffered by Ratliff was proximately caused by his own acts or omissions.

15. To the extent that Wycliffe discovers additional evidence of wrongdoing by Ratliff, Wycliffe invokes the after-acquired evidence rule to limit Ratliff's damages.

## JURY DEMAND

Wycliffe demands a trial by jury on all issues so triable.

WHEREFORE, Wycliffe prays that the Court enter judgement for Wycliffe and against Ratliff on all claims in his Complaint, dismiss the Complaint with prejudice, and award Wycliffe its attorney's' fees and costs together with such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ Roger K. Gannam
Mathew D. Staver
Horatio G. Mihet
Roger K. Gannam
Hugh C. Phillips
LIBERTY COUNSEL
P.O. Box 540774
Orlando, FL 32854
(407) 875-1776
court@LC.org
hmihet@LC.org
rgannam@LC.org
hphillips@LC.org

*Attorneys for Defendant,*
*Wycliffe Associates, Inc.*