# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

RICKY R. RATLIFF,

        Plaintiff,

v.                                                 No. 6:22-cv-01185-PGB-RMN

WYCLIFFE ASSOCIATES, INC.,

        Defendant.

## JOINT MOTION FOR EXTENSION OF DISCOVERY AND DISPOSITIVE MOTION DEADLINES

Plaintiff, RICKY R. RATLIFF, and Defendant, WYCLIFFE ASSOCIATES, INC., pursuant to the Case Management and Scheduling Order (Doc. 23) and Local Rule 3.01, respectfully move the Court for a thirty (30) day extension of the discovery and dispositive motion deadlines, to and including November 1, 2023 (discovery), and December 1, 2023 (dispositive motions). The Parties show the Court as follows in support of this motion:

1. Pursuant to the Case Management and Scheduling Order (Doc. 23), the discovery deadline is currently on October 2, 2023. Mediation is scheduled to occur on October 11, 2023. Dispositive, Daubert, and Markman motions are due on November 1, 2023. Trial is set for April 1, 2024. (Doc. 23 at 2-3.)

2. The Parties have diligently engaged in discovery up to this point. They have served written discovery requests, and written responses to those requests. The parties have also been engaged in document review and document production, which is ongoing. The parties are planning depositions and discussing deposition dates.

3. Despite their diligent efforts to date, the parties need a brief, 30-day extension of the discovery and dispositive motion deadlines, for multiple reasons, including:

a. The lead counsel for Defendant, attorney Roger Gannam, was recently appointed as a judge on the Florida Sixth District Court of Appeal and has withdrawn from this case. (Doc. 33.) Although the Court's order granting withdrawal provides that the withdrawal of an attorney may not serve as a basis for extending any deadline, Defendant respectfully submits that the unexpected withdrawal of Mr. Gannam provides good cause for the modest extension sought in this instance. Until his withdrawal, Mr. Gannam was principally, and on most matters solely, responsible for the conduct of this case. Mr. Gannam's departure has placed a significant burden concerning the distribution of his busy litigation portfolio and the press of his professional obligations to other attorneys, both generally and with respect to the conduct of this case. Although other attorneys are stepping in to take over Mr. Gannam's responsibilities in this case, the transition process is time consuming, and the other attorneys are hampered by their own busy litigation dockets and the need to take over Mr. Gannam's other cases as well.

b. In addition, attorney Horatio Mihet, another of the attorneys that had been on the pleadings in this case along with Mr. Gannam, is currently preparing for a jury trial in federal court in Kentucky, scheduled to start on September 11, 2023, and lasting for up to one week. Along with other attorneys from Liberty Counsel, Mr. Mihet is heavily engaged in the typically heavy workload that precedes a jury trial. There are other pre-existing professional engagements for the attorneys of Defendant as well, including a brief due at the United States Supreme Court on September 5; expert disclosures from numerous experts in another case pending in the Middle District of Florida on September 19; and a fee motion (and mediation over said motion) in two class actions also pending in the Middle District of Florida, in which defense counsel's firm expended just under 8,000 hour of professional time.

As a result of these commitments, all of which preceded the unforeseen departure of Mr. Gannam, defense counsel's time in the month of September is severely constrained, and there is not sufficient time to conclude the remaining discovery, including party and non-party depositions which are critical to developing the record in this case.

       c.      Further still, Plaintiff and his spouse reside in Maryland, and therefore their deposition requires travel to this forum. Plaintiff is already required to travel to this forum on October 11, 2023, for the mediation scheduled in this case. Extending the discovery deadline as requested herein would allow the parties to schedule these two depositions consecutively after the mediation. At a minimum, this would significantly decrease the time, effort and travel expense by combining two interstate trips (for two people) into one. Moreover, if the parties are able to reach a compromise at mediation, the depositions will be unnecessary altogether, thereby avoiding the entire time and costs attendant to them.

       4.      Importantly, the parties do not seek extension of the mediation deadline, and will complete mediation as scheduled, on October 11, 2023. In addition, the parties are not using expert testimony in this case, and the case does not involve patent issues, so there is no need for Daubert or Markman motions, and therefore no need to adjust those deadlines.

       5.      Granting the relief requested herein would not necessarily require continuance of the trial currently scheduled for April 1, 2024. Dispositive motions would still be filed four months prior to trial. However, in the event the Court needs or requires four months from the completion of briefing on (rather than the filing of) dispositive motions until the start of trial (as indicated at Doc. 23, page 6), the parties respectfully request that the Court adjust the trial schedule as necessary. Pursuant to Local Rule 3.08(b) the undersigned counsel certify that their clients consent to such continuance, if it is necessary to obtain the relief requested herein.

6. This is the first extension of these deadlines requested by the parties, and no party will be prejudiced by the brief extension requested herein. The parties understand that extensions of discovery and dispositive motion deadlines are generally disfavored. The parties would not request this extension if, in the reasoned judgment of the undersigned counsel, the extension would not be necessitated by the circumstances above, and/or the extension would not be necessary to complete critical discovery in this case (including party depositions) and avoid manifest injustice.

WHEREFORE, for good cause shown, the parties respectfully request that this Court grant the instant Motion and extend the deadline for discovery to conclude on November 1, 2023, and extend the dispositive motion deadline to and including December 1, 2023.

Respectfully submitted,

| | |
|---|---|
| /s/ Christopher J. Saba | /s/ Hugh C. Phillips |
| **CHRISTOPHER J. SABA** | Mathew D. Staver |
| Florida Bar Number: 0092016 | Horatio G. Mihet |
| **WENZEL FENTON CABASSA, P.A.** | Deborah A. Catalano |
| 1110 North Florida Avenue, Suite 300 | Hugh C. Phillips |
| Tampa, Florida 33602 | LIBERTY COUNSEL |
| Main Number: 813-224-0431 | P.O. Box 540774 |
| Direct Dial: 813-321-4086 | Orlando, FL 32854 |
| Facsimile: 813-229-8712 | (407) 875-1776 |
| Email: csaba@wfclaw.com | court@LC.org |
| Email: tsoriano@wfclaw.com | hmihet@LC.org |
| | dcatalano@LC.org |
| | hphillips@LC.org |
| *Attorney for Plaintiff* | *Attorneys for Defendant, Wycliffe Associates, Inc.* |

## CERTIFICATE OF SERVICE

  I hereby certify that on this 31st day of August, 2023, I caused a true and correct copy of the foregoing to be electronically filed with this Court. Service will be effectuated on all counsel of record via the Court's ECF/electronic notification system.

               /s/ Hugh C. Phillips